## Hatfield, et al. v. Pond Creek Coal Company.

(Decided January 22, 1924.)

### Appeal from Pike Circuit Court.

1. **Husband and Wife—Wife Could Convey Land to Husband.**—A wife could validly convey her land to her husband through a third person as against children.

2.  Deeds—Conveyance Held Supported by Sufficient Consideration.—
    A conveyance of land by wife to husband through third person
    when death was imminent held supported by sufficient considera-
    tion, though the cash consideration was only nominal.

P. B. STRATTON for appellants.

AUXIER, HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This appeal is prosecuted by the guardian *ad litem* for the infant defendants, Thomas Hatfield, Polly Hatfield and Eson Hatfield, children of A. B. and Melissa Hatfield.

It appears that in the year 1913, A. B. and Melissa Hatfield were the parents of four children, the three above named and an older brother; that Melissa was the owner of a tract of land; she was afflicted with tuberculosis and in anticipation of her early demise desired to place the title to this land in her husband. To this end he consulted an attorney and was advised that the proper way to do this was for both of them to join in a conveyance to a trustee and for the trustee to then reconvey the land to A. B. Hatfield. This plan was reported to Melissa Hatfield and met with her approval. In accordance therewith the deed was drawn conveying the land to Rev. A. Hatfield, and on the 26th day of May, 1913, this was executed and acknowledged by Melissa and her husband and by them sent and delivered to the grantee by the notary who had taken the acknowledgment. On the 13th day of June Melissa died. A short time thereafter A. Hatfield and his wife, Polly Hatfield, executed, acknowledged and delivered a deed of conveyance to A. B. Hatfield for the land in question.

In both of these deeds the recited consideration was $1.00 in hand paid and other good and valuable considerations, and in the first an agreement to reconvey to A. B. Hatfield; further, it appeared that the minerals in the land had been severed by prior conveyance and only the surface was sold. On the — day of ——, 1917, A. B. Hatfield and his second wife, in consideration of the sum of $3,500.00, conveyed same to the Pond Creek Coal Company.

In this suit that company alleged the foregoing facts, and further that the defendants, children of A. B. and

Melissa Hatfield, were in speech and otherwise claiming the land and thereby casting a cloud upon its title which it sought to have quieted. All the parties in interest were made defendants, the infants being represented by guardian *ad litem,* and upon final submission the court granted the relief sought.

In view of the confidential relations existing between the parties and of the fact that, aside from love and affection, the consideration of the deed was merely nominal, as well as of the imminence of death of Melissa Hatfield at the time the deed was executed, we have closely scrutinized the evidence and are convinced that at the time of the conveyance Melissa Hatfield was in full possession of her mental vigor and understood the nature of the transaction, as well as her obligation to those dependent upon her; that she also knew the extent of her property and desired to vest the title to it in her husband; nor is there any evidence to indicate any undue influence upon his part.

Melissa Hatfield could have willed the property in question to her husband and she had the same right to have it conveyed to him in the way it was done. The consideration was sufficient to uphold the conveyance and a sufficient delivery of the deed was made.

Perceiving no error in the record the judgment is affirmed.